Witt, Appellant, *v.* James McNeil & Brother Co.

Argued March 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John M. Haverty,* for appellant, cited: Goldie v. R. R., 44 Pa. Superior Ct. 350; Stegmaier v. Coal Co., 225 Pa. 221; Catanzaro v. R. R., 230 Pa. 305; Blough v. Lochrie, 275 Pa. 491; Perry v. Payne, 217 Pa. 252; Hook v. Welch, 67 Pa. Superior Ct. 297; McMillin v. Titus, 222 Pa. 500; Nusbaum v. Ins. Co., 276 Pa. 526; Knickerbocker Trust Co. v. Ryan, 227 Pa. 245; Hay v. Baer, 48 Pa. Superior Ct. 231; Wilson v. Wernwag, 217 Pa. 82; Bubb v. Oil Co., 252 Pa. 26; Ambler v. Phillips, 132 Pa. 167.

*J. Rodgers McCreery,* of *McCreery & Wolf,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 15, 1929:

This action is on a written contract of employment dated December 31, 1920, between defendant as employer and plaintiff as employee, in which it was stipulated that the latter should serve the former as its manager or superintendent for five years from its date. When his employment terminated, plaintiff claimed there was due him under the terms of the contract the

sum of $43,488.32 and brought this suit to recover it. He was nonsuited by the learned trial judge and from the refusal to take off the nonsuit, he appeals.

The contract provided that appellant should be paid a salary at the rate of $10,000 a year, $6,000 in monthly installments of $500 each and the balance, $4,000, out of the "net profits, if any," of the business at the end of each year. The writing further provided: "Fourth. As additional compensation or bonus the employer shall pay the employee fifty per cent of the divided profits during the life of this contract." The salary, including that part payable out of net profits, has all been paid and the claim is made under the provision for the payment of an additional compensation or bonus of fifty per cent of the divided profits.

Plaintiff, however, did not prove that there had been any profits divided. All he established was that as of the date of the termination of the contract defendant by its balance sheet showed the following statement of its affairs:

| | |
|---|---|
| Cash | $5,309.72 |
| Notes receivable | 10,000.00 |
| Accounts receivable | 252,863.40 |
| Contracts in process | 4,563.58 |
| Materials & supplies | 19,165.65 |
| Prepaid expense | 1,056.90 |
| Investments | 450.00 |
| Plant & equipment | 168,626.03 |
| | $462,035.28 |

| | |
|---|---|
| Notes payable | $40,000.00 |
| Notes receivable discounted | 10,000.00 |
| Accounts payable | 112,167.44 |
| Accrued expense | 515.20 |
| Accrued salaries | 4,626.00 |
| Mortgage payable | 13,000.00 |
| Capital stock | 150,000.00 |
| Surplus | 131,726.64 |
| | $462,035.28 |

It is argued that the surplus as thus shown, less the sum of $30,000 provided in the agreement to be set aside as working capital, is divided profits. It is a little difficult to follow the line of reasoning which would make it so. The surplus may not indicate real profits at all, certainly not profits made during the term of appellant's employment and in no event divided profits. This was merely a bookkeeping statement to show the books in balance. If the item of plant and equipment should be reduced when actual intrinsic values come to be taken into account, as very likely it might be, this charge would lower its surplus figures. The agreement itself recognizes two classes of profits, "net profits" and "divided profits." In construing the writing, the latter term could no more be disregarded than the former. The word "divided" as the parties used it must be given its meaning and play its part in their understanding. It is clear to us that what was meant was profits which had been set aside—divided from accumulated surplus as profits, and declared as such for division among those entitled to them, plaintiff and the company's stockholders. Until the proper officials of the company, its board of directors, weighing the financial standing of the concern, deemed it wise to set aside for division as profits moneys in the company's treasury so accumulated, there were no "divided profits" and consequently plaintiff has no claim.

The judgment is affirmed.